337 P.2d 418

George H. STEVENS, Anna N. Stevens, Von Utley, Zola Utley, Ferron Robinson, Eldon Robison, Elbert Jackson and Elaine Robison, Plaintiffs and Appellants,

v.

Ralph C. MEMMOTT and Merrill G. Memmott, doing business as Memmott Brothers; Ralph C. Memmott, Merrill G. Memmott, Grace K. Memmott, Marie S. Memmott, Defendants and Respondents.

No. 8700.

Supreme Court of Utah.

March 27, 1959.

Thomas S. Taylor, Provo, Eldon A. Eliason, Delta, for appellants.

Orville Isom, Cedar City, for respondents.

## PER CURIAM.

Plaintiffs sued to quiet title to a series of mining claims having to do with volcanic cinders. They insisted on having a jury, over defendants' objection. The court, by means of special interrogatories, put the matter of validity of the claims squarely up to the veniremen, who, on what appears from the lengthy record to have been based on disputed and controversial facts, held in favor of plaintiffs as to some claims and for defendants as to those claims the subject matter of this appeal.

■ The plaintiffs chose their forum and are bound by the jury's conclusions if such conclusions were arrived at after deliberating upon controverted facts; and there is sufficient competent evidence to support such conclusions. We believe that the controversion must be conceded and that the conclusions were justified, if the jury believed competent evidence the sufficiency of which is apparent in the record.

■ Plaintiffs urge eight errors on appeal. The first two have to do with the contention that the trial court should not have permitted an amendment of defendants' pleadings to assert an interest in claims re-located after suit was filed but before trial. Plaintiffs had four months to meet this amendment. Our rules permit of such supplemental amended pleadings, particularly Rule 15(d) U.C.A.1953. The claims involved in the amendment were resolved by the jury in favor of defendant on disputed evidence, and plaintiffs' claim of error in allowing the amendment seems unmeritorious.

■ The third point of appeal has to do with refusal of the trial court to permit an amendment of the pre-trial order and the amended complaint so as to assert priority of one claim over that of defendants. The claim involved was a part of the litigation and its validity was resolved on controverted evidence. It is difficult to see how plaintiffs were prejudiced by the trial court's refusal to exercise his discretion in favor of plaintiffs.

■ A fourth point urged is that the court erred in failing to instruct the jury that sufficient labor had been performed to validate one of the claims. The jury found that such labor was insufficient and such finding was based on evidence, which, if believed, would justify such conclusion.

40

Fifthly, plaintiffs say it was error not to have admitted a map in evidence, which map had been prepared by one of the witnesses, an engineer. Maps are admissible ordinarily, but the lengthy examination of the engineer in this case covered all important informative data on the map. The map simply represented a résumé of his testimony, which the jury already had before it. We think the court did not abuse its discretion in refusing to admit the map, or if it did, arguendo, plaintiffs were not prejudiced.

We feel also that the court did not err in refusing to permit the jury to take a view of the disputed claims, since the evidence indicated that such a view would have led as much or more to confusion as it would to clarity.

The other two points urged on appeal have to do with a ruling of the court as a matter of law concerning one claim, and in failing to instruct the jury as to the quantum of evidence as to another claim. Both errors urged had to do with factual matters about which there was a dispute,—which properly were the subject matter for the jury.

The judgment of the lower court is affirmed, with costs to respondents.